# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| Keith Thornton, | CV 16-08482 TJH (AGRx) |
|           Plaintiff, | |
|    v. | **Order** |
| County of Los Angeles, *et al.*, | |
|           Defendants. | [22] |

The Court has considered Defendants County of Los Angeles, Daisy Cruz, and Carol Porras's [collectively "LA County"] motion to dismiss, together with the moving and opposing papers.

LA County moved under Fed. R. Civ. P. 12(b)(6) to dismiss Thornton's claims under jurisdictional and immunity grounds. Jurisdictional challenges, however, are reviewed under the pleading standards of Fed. R. Civ. P. 12(b)(1) — not Fed. R. Civ. P. 12(b)(6). *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). A Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be based on a facial or factual attack on the complaint. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Here, LA County asserted that the *Rooker-Feldman* and the *Younger* abstention

doctrines deprives this Court of subject matter jurisdiction as a matter of law. LA County does not, however, contest that the events giving rise to federal jurisdiction — the removal of M.A., D.A., and I.S. [collectively "the Minor Children"] — occurred. LA County, thus, only challenged the legal basis for Thornton's jurisdictional allegations — as opposed to, for example, the factual basis for Thornton's civil right violations — and is asserting a facial attack. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

With regard to LA County's immunity defenses, absolute immunity is jurisdictional and is governed by Fed. R. Civ. P. 12(b)(1), whereas qualified immunity is not jurisdictional and is governed by Fed. R. Civ. P. 12(b)(6). *Imber v. Pachtman*, 424 U.S. 409, 419 n. 13 (1976).

A Fed. R. Civ. P. 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Illeto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Rooker-Feldman**

Generally, the *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction to hear de facto appeals from state court judgements. *Carmona v. Carmona*, 603 F.3d 1041, 1050–51 (9th Cir. 2010). Thornton's claims are a de facto appeal from the state dependency judgement if they: (1) assert "as injury legal error or errors by" the dependency court, and (2) seek relief from the dependency court judgement. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

Here, the first prong is not met because Cruz and Porras's alleged conduct during the removal proceedings was the source of Thornton's alleged injury — not, for example, legal or procedural errors made by the dependency court. *See Kougasian*, 359 F.3d at 1140. The second prong, also, is not met because Thornton does not seek

to reverse the order removing the Minor Children. *See Kougasian*, 359 F.3d at 1140. Thornton's claims, thus, are not barred as a de facto appeal because the alleged legal wrong and relief sought is not from the dependency court judgment. *See Kougasian*, 359 F.3d at 1140.

Thornton, further, would not be able to avoid the *Rooker-Feldman* bar by disguising an appeal of the state dependency judgement as federal civil rights claims. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). This would be the case if resolving Thornton's claims would "undo" the dependency court judgement. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003). Thornton is not barred, however, from bringing civil rights claims alleging illegal acts and omissions by a social worker during state dependency proceedings. *Palmer v. Riverside Cty.*, 149 Fed. Appx. 643, 644 (9th Cir. 2005).

Resolving Thornton's civil rights claims, here, would not "undo" the dependency court judgement — for example, a holding that Thornton's civil rights were violated would not return the Minor Children to Thornton. *See Bianchi*, 334 F.3d at 900. Indeed, Thornton's claims only seek monetary damages for, *inter alia*, Cruz and Porras's false allegations of sexual misconduct against him. Thornton's claims, thus, only challenge the illegal acts of social workers and are not a disguised appeal from the state dependency judgement. *See Noel*, 341 F.3d at 1158.

***Younger* Abstention Doctrine**

This Court must abstain from interfering with a state dependency proceeding if: (1) the state proceeding is on-going; (2) the proceeding implicates important state interests; and (3) Thornton is able to litigate his civil rights claims in the state proceeding. *M&A Gabaee v. Cmty. Redevelopment Agency of City of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir. 2005). All three prongs must be satisfied for the doctrine to apply. *M&A Gabaee*, 419 F.3d at 1039.

With regard to the first prong, the dependency judgment was rendered on June 2, 2016, and this current action was filed on November 15, 2016. Thornton chose not

to appeal the dependency court judgment, and no longer has the right to appeal. Thornton's claims, thus, are not barred by the *Younger* abstention doctrine because the state proceeding is no longer on-going. *See M&A Gabaee*, 419 F.3d at 1039.

LA County argued that the *Younger* abstention doctrine still precludes Thornton's claims because Thornton had the right to appeal in state court when he filed his federal complaint. That is incorrect. The *Younger* abstention doctrine requires an on-going state proceeding — the right to appeal is not sufficient. *See M&A Gabaee*, 419 F.3d at 103– 40.

**Absolute and Qualified Immunity**

Social workers are entitled to absolute immunity from private lawsuits when they perform quasi-prosecutorial or quasi-judicial functions in juvenile dependency court. *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2015). Quasi-prosecutorial functions encompass the decision to remove a foster child and any investigations connected to the removal decision. *Hardwick*, 844 F.3d at 1115. Quasi-judicial functions refer to the presentation of the case for removal in dependency court. *Hardwick*, 844 F.3d at 1115.

Social workers are not performing a legitimate quasi-prosecutorial or quasi-judicial function, however, when they engage in illegal acts or omissions during a dependency hearing. *Hardwick*, 844 F.3d at 1116. For example, social workers are "not entitled to absolute immunity from claims that they fabricated evidence during the removal investigation or made false statements in a dependency petition." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008).

Cruz, here, allegedly, fabricated evidence during the removal proceedings by, *inter alia*, coaching the Minor Children to accuse Thornton of physical abuse and sexual misconduct in front of the children with a male partner. Thornton, further, alleged that Porras, also, fabricated evidence by, *inter alia*, helping Cruz lie about physically abusing M.A. and D.A. Neither Cruz or Porras, thus, are entitled to absolute immunity because their alleged misstatements to the dependency court constitute illegal acts. *See*

*Beltran*, 514 F.3d at 908.

Alternatively, social workers are entitled to qualified immunity while performing duties related to the removal proceeding of a minor if: "(1) the law governing the [social worker's] conduct was clearly established, and (2) under that law, the [social worker] objectively could have believed that the conduct was lawful." *See Mabe v. San Bernardino Cty. Dept. Of Public Social Servs.*, 237 F.3d 1101, 1106 (9th Cir. 2001).

Here, Cruz and Porras, allegedly, both knowingly made false statements to the dependency court by, *inter alia*, misrepresenting the Minor Children's new foster parents' intent to adopt them. Taking such allegations as true, Cruz and Porras, also, are not entitled to qualified immunity because it is clearly established that a social worker's fabrication of evidence in a removal proceeding is objectively unlawful. *See Hardwick*, 844 F.3d at 1116.

Accordingly,

It is Ordered that LA County's motion to dismiss Thornton's civil rights claims pursuant to the *Rooker-Feldman* doctrine be, and hereby is, Denied.

It is further Ordered that LA County's motion to dismiss Thornton's civil rights claims pursuant to the *Younger* abstention doctrine be, and hereby is, Denied.

It is further Ordered that LA County's motion to dismiss Thornton's civil rights claims based on absolute immunity be, and hereby is, Denied.

It is further Ordered that LA County's motion to dismiss Thornton's civil rights claims based on qualified immunity be, and hereby is, Denied.

Date: June 27, 2017

_____
Terry J. Hatter, Jr.
Senior United States District Judge