David J. Weiss, Esq., SBN 78542
Michael H Forman, Esq., SBN 260224
**LAW OFFICES OF DAVID J. WEISS**
11340 W. Olympic Boulevard, Suite 100
Los Angeles, California 90064
Telephone: (310) 575-9566
Facsimile: (310) 575-9576
Email:  formanm@djwlaw.com

Attorneys for Defendants,
COUNTY OF LOS ANGELES,
DAISY CRUZ, and CAROL PORRAS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THORNTON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, by and through the LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; DAISY CRUZ, an Individual; CAROL PORRAS, an Individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO. 16-08482-TJH (AGR)**<br><br>**ANSWER TO COMPLAINT FOR DEFENDANTS COUNTY OF LOS ANGELES, DAISY CRUZ, AND CAROL PORRAS** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants DEFENDANTS COUNTY OF LOS ANGELES, DAISY CRUZ, and CAROL PORRAS ("Defendants") answering Plaintiff's Complaint on file herein [docket no. 1], admit, deny and allege as follows:

1. Answering paragraph 1, Defendants admit that Plaintiff's claims arise under 42 U.S.C. 1983. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

2. Answering paragraph 2, Defendants admit that this Court has jurisdiction to hear Plaintiff's claims arising under 42 U.S.C. § 1983.

3. Answering paragraph 3, admit.

4. Answering paragraph 4, Defendants admit that Plaintiff interacted with DCFS personnel. Defendants deny that Plaintiff was the prospective adoptive parent of M.A., D.A., and I.S. ("children").

5. Answering paragraph 5, Defendants admit that the Los Angeles County Department of Children and Family Services ("DCFS") is a department of the County of Los Angeles, a public entity ("County"). Defendants deny Plaintiff's characterization of DCFS' responsibilities.

6. Answering paragraph 6, Defendants admit that Defendant Cruz was a children's social worker employed by the County of Los Angeles. Defendants deny Plaintiff's characterization of Ms. Cruz's responsibilities.

7. Answering paragraph 7, Defendants admit that Defendant Porras was a supervising children's social worker employed by the County of Los Angeles. Defendants deny Plaintiff's characterization of Ms. Porras' responsibilities.

8. Answering paragraph 8, based on the absence of allegations of conduct by these individuals in the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation

contained therein.  To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

9.   Answering paragraph 9, Defendants deny Plaintiff's characterization of the County's responsibilities.   To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

10.  Answering  paragraph  10,  Defendants  deny  Plaintiff's characterization of the County's duties.   To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

11.   Answering paragraph 11, based on the absence of allegations of conduct by these individuals in the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.  To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

12.   Answering paragraph 12, based on the absence of allegations of conduct by these individuals in the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.  To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

13.   Answering paragraph 13, Defendants deny each and every allegation contained herein.

14.   Answering paragraph 14, Defendants deny each and every allegation contained herein.

## FACTS COMMON TO ALL CLAIMS

15.   Defendants refer to and incorporate by reference the preceding paragraphs of this Answer, set forth above, as though fully set forth herein.

16.     Answering paragraph 16, Defendants deny each and every allegation contained herein.  To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

17.     Answering paragraph 17, Defendants deny each and every allegation contained herein.  To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

18.     Answering paragraph 18, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

19.     Answering paragraph 19, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

20.     Answering paragraph 20, Defendants admit that the children were placed with Plaintiff in 2014.  Defendants deny that the children were placed with Plaintiff on the date stated.  Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph about matters communicated to Plaintiff related to placement of the children, and on that basis deny each and every other allegation therein.

21.     Answering paragraph 21, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph about a meeting with Defendant Cruz on an unidentified date, and on that basis deny each and every allegation therein.  Defendants deny Plaintiff's characterization of Ms. Cruz's responsibilities.

22.     Answering paragraph 22, Defendants admit that the children were placed with Ms. Garcia.

23.     Answering paragraph 23, Defendants admit that case carrying social workers make monthly visits with each child.  Defendants deny each and every other allegation therein.

24.     Answering paragraph 24, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph about Plaintiff's religious beliefs.   Defendants deny each and every other allegation therein.

25.     Answering paragraph 25, Defendants deny each and every allegation therein.

26.     Answering paragraph 26, Defendants deny each and every allegation therein.

27.     Answering paragraph 27, Defendants deny each and every allegation therein.

28.     Answering paragraph 28, Defendants admit that Plaintiff went to Ms. Garcia's home in 2014 with at least one of the children.   Defendants deny each and every other allegation therein.

29.     Answering paragraph 29, Defendants deny each and every allegation therein.

30.     Answering paragraph 30, Defendants deny each and every allegation therein.

31.     Answering paragraph 31, Defendants admit that I.S. had a misshapen head.  Defendants deny each and every other allegation therein.

32.     Answering paragraph 32, Defendants deny each and every allegation therein.

33.     Answering paragraph 33, Defendants deny each and every allegation therein.

34.     Answering paragraph 34, Defendants admit that I.S. was seen by a private physician.  Defendants deny each and every other allegation therein.

35.     Answering paragraph 35, Defendants deny each and every allegation therein.

36.    Answering paragraph 36, Defendants deny that contact with Ms. Garcia caused behavioral problems for the children.  Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

37.    Answering paragraph 37, Defendants deny each and every allegation therein.

38.    Answering paragraph 38, Defendants admit that Plaintiff separated from his partner at some point in 2014.  Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the other allegations in this paragraph, and on that basis deny each and every other allegation therein.

39.    Answering paragraph 39, Defendants deny each and every allegation therein.

40.    Answering paragraph 40, Defendants deny directing the conduct of third-party social workers who do not work for the County.  Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the other allegations in this paragraph, and on that basis deny each and every other allegation therein.

41.    Answering paragraph 41, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

42.    Answering paragraph 42, Defendants deny Plaintiff's description of his conversation with Defendant Cruz.  Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the other allegations in this paragraph, and on that basis deny each and every other allegation therein.

ANSWER TO COMPLAINT

43.     Answering paragraph 43, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph about Plaintiff's conversations with third-party social workers who do not work for the County, and on that basis deny each and every allegation therein.

44.     Answering paragraph 44, Defendants deny each and every allegation therein.

45.     Answering paragraph 45, Defendants deny each and every allegation therein.

46.     Answering paragraph 46, Defendants deny each and every allegation therein.

47.     Answering paragraph 47, Defendants deny each and every allegation therein.

48.     Answering paragraph 48, Defendants deny each and every allegation therein.

49.     Answering paragraph 49, Defendants deny each and every allegation therein.

50.     Answering paragraph 50, Defendants deny each and every allegation therein.

51.     Answering paragraph 51, Defendants admit that Plaintiff moved to Palmdale.  Defendants deny each and every other allegation therein.

52.     Answering paragraph 52, Defendants deny each and every allegation therein.

53.     Answering paragraph 53, Defendants admit that Plaintiff was quoted in an October 2015 news article that identified him as a gay man.  Defendants deny each and every other allegation therein.

54.     Answering paragraph 54, Defendants deny each and every allegation therein.

–6–

ANSWER TO COMPLAINT

55.     Answering paragraph 55, Defendants deny each and every allegation therein.

56.     Answering paragraph 56, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

57.     Answering paragraph 57, Defendants deny each and every allegation therein.

58.     Answering paragraph 58, Defendants admit that Plaintiff did not get the children enrolled in appropriate services in Palmdale, and that the matter was addressed with Plaintiff by Defendants.  Defendants deny each and every other allegation therein.

59.     Answering paragraph 59, Defendants admit that a meeting between Plaintiff and multiple social workers was arranged regarding Plaintiff's failure to get the children enrolled in appropriate services in Palmdale.  Defendants deny each and every other allegation therein.

60.     Answering paragraph 60, Defendants admit that the meeting took place at Plaintiff's home with the persons identified.  Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the other allegations in this paragraph, and on that basis deny each and every other allegation therein.

61.     Answering paragraph 61, Defendants admit that the issue of Plaintiff's failure to get the children enrolled in appropriate services in Palmdale was raised.  Defendants deny each and every other allegation therein.

62.     Answering paragraph 62, Defendants admit that Defendant Cruz visited with the children after the group meeting was concluded.  Defendants deny each and every other allegation therein.

63.     Answering paragraph 63, Defendants admit that Defendant Porras was alerted to allegations of child abuse made by the children against Plaintiff and

ANSWER TO COMPLAINT

that Plaintiff disrobed the children.   Defendants deny each and every other allegation therein.

64.   Answering paragraph 64, Defendants admit that Defendants identified concerning marks and/or bruises on M.A.'s leg.  Defendants deny each and every other allegation therein.

65.   Answering paragraph 65, Defendants admit that Plaintiff photographed M.A. and then was asked to stop taking photographs of the undressed children.  Defendants deny each and every other allegation therein.

66.   Answering paragraph 66, Defendants admit that the children disclosed physical abuse by Plaintiff beating them with a belt and expressed fear. Defendants deny each and every other allegation therein.

67.   Answering paragraph 67, Defendants deny that Plaintiff was not notified of the removal of the children, as Plaintiff was present during the removal.  Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the other allegations in this paragraph, and on that basis deny each and every other allegation therein.

68.   Answering paragraph 68, Defendants admit that the children disclosed physical abuse by Plaintiff beating them with a belt and had suspicious marks and/or bruises.  Defendants deny each and every other allegation therein.

69.   Answering paragraph 69, Defendants deny that Plaintiff was a prospective adoptive parent.   Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the other allegations in this paragraph, and on that basis deny each and every other allegation therein.

70.   Answering paragraph 70, Defendants admit that an Interim Review Report was submitted to the Court in February 2016.  The document speaks for itself.  Defendants deny Plaintiff's characterization of the information described therein and/or attached thereto.

–8–

ANSWER TO COMPLAINT

71.     Answering paragraph 71, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

72.     Answering paragraph 72, Defendants admit that the hearing was continued.  Defendants deny each and every other allegation therein.

73.     Answering paragraph 73, Defendants admit that the hearing was continued.

74.     Answering paragraph 74, Defendants admit that Defendant Cruz testified before the Juvenile Court.  Defendants deny each and every other allegation therein.

75.     Answering paragraph 75, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

76.     Answering paragraph 76, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

77.     Answering paragraph 77, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

78.     Answering paragraph 78, Defendants admit that the Last Minute Information to the Court document described the children's statements about Plaintiff allowing them to witness sex acts between Plaintiff and other men. Defendants deny that the document lacked details about the sex acts.

79.     Answering paragraph 79, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

80.     Answering paragraph 80, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

81.     Answering paragraph 81, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

82.     Answering paragraph 82, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

83.     Answering paragraph 83, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

84.     Answering paragraph 84, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

85.     Answering paragraph 85, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

86.     Answering paragraph 86, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

87.     Answering paragraph 87, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

88.     Answering paragraph 88, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

ANSWER TO COMPLAINT

89.    Answering paragraph 89, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

90.    Answering paragraph 90, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

91.    Answering paragraph 91, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

92.    Answering paragraph 92, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

93.    Answering paragraph 93, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

94.    Answering paragraph 94, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

95.    Answering paragraph 95, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.

96.    Answering paragraph 96, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein.  To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

97.    Answering paragraph 97, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this

paragraph, and on that basis deny each and every allegation therein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

98.     Answering paragraph 98, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

## FIRST CAUSE OF ACTION

99.     Defendants refer to and incorporate by reference the preceding paragraphs of this Answer, set forth above, as though fully set forth herein.

100.    Answering paragraph 100, the allegations of this paragraph constitute conclusions of law and do not require a response.

101.    Answering paragraph 101, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

102.    Answering paragraph 102, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

103.    Answering paragraph 103, the allegations of this paragraph constitute conclusions of law and do not require a response.

104.    Answering paragraph 104, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

## SECOND CAUSE OF ACTION

105.    Defendants refer to and incorporate by reference the preceding paragraphs of this Answer, set forth above, as though fully set forth herein.

ANSWER TO COMPLAINT

106. Answering paragraph 106, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

107. Answering paragraph 107, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

108. Answering paragraph 108, Defendants deny each and every allegation contained herein.

109. Answering paragraph 109, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

110. Answering paragraph 110, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

111. Answering paragraph 111, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation therein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

112. Answering paragraph 112, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

### THIRD CAUSE OF ACTION

113. Defendants refer to and incorporate by reference the preceding paragraphs of this Answer, set forth above, as though fully set forth herein.

114. Answering paragraph 114, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

ANSWER TO COMPLAINT

115. Answering paragraph 115, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

116. Answering paragraph 116, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

117. Answering paragraph 117, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

118. Answering paragraph 118, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

119. Answering paragraph 119, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

120. Answering paragraph 120, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

121. Answering paragraph 121, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

## FOURTH CAUSE OF ACTION

122. Defendants refer to and incorporate by reference the preceding paragraphs of this Answer, set forth above, as though fully set forth herein.

123. Answering paragraph 123, Defendants deny each and every allegation contained herein. To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

ANSWER TO COMPLAINT

124.   Answering paragraph 124, Defendants deny each and every allegation contained herein.  To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

125.   Answering paragraph 125, Defendants deny each and every allegation contained herein.  To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

126.   Answering paragraph 126, the allegations of this paragraph constitute conclusions of law and do not require a response.

127.   Answering paragraph 127, Defendants deny each and every allegation contained herein.  To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

128.   Answering paragraph 128, Defendants deny each and every allegation contained herein.  To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

129.   Answering paragraph 129, Defendants deny each and every allegation contained herein.  To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

130.   Answering paragraph 130, Defendants deny each and every allegation contained herein.  To the extent that the allegations of this paragraph constitute conclusions of law, they do not require a response.

## FIRST AFFIRMATIVE DEFENSE

1.   Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

2.   Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3.     Defendants were not personally involved in the acts about which Plaintiff complains, did not cause a deprivation of any of Plaintiff's federally protected rights, and did not know of, direct, or fail to prevent violations of Plaintiff's federally protected rights.

### FOURTH AFFIRMATIVE DEFENSE

4.     The damages sustained by Plaintiff, if any, were legally caused and/or contributed to by Plaintiff's own acts, omissions, negligence, and/or failure to take reasonable and necessary actions to eliminate, mitigate, lessen, reduce and/or minimize such damages, thus barring or reducing Plaintiff's recovery.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's Complaint does not state facts sufficient to constitute a cause of action in that Defendants' alleged acts were discretionary and Defendants are immune from liability. *See e.g.*, *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir.2003); *Meyers v. Contra Costa County Dept. of Social Services*, 812 F.2d 1154, 1157 (9th Cir.1987); *Costanich v. Washington*, 2008 WL 1968775, at *9 (W.D. Wash. May 2, 2008), *aff'd sub nom. Costanich v. Dep't of Soc. & Health Servs.,* 627 F.3d 1101 (9th Cir. 2010).

### SIXTH AFFIRMATIVE DEFENSE

6.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the doctrine laches.

### EIGHTH AFFIRMATIVE DEFENSE

8.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

9.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

10.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Any acts, conduct or statements which may have been engaged in by Defendants were justified, in good faith, for legitimate reasons and/or privileged pursuant to including, but not limited to California Civil Code § 47 and the United States and California Constitutions.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part, as Plaintiff had and continues to have the ability and opportunity to mitigate the damages alleged with respect to the subject matter of this litigation, and has failed to act reasonably to mitigate the damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Any unlawful or other wrongful acts, if any, taken by any County employee as alleged in the Complaint were and are outside the scope of their authority and were not within the course and scope of their employment, and such acts, if any, were not authorized, ratified or condoned by, nor can be attributed to the County of Los Angeles.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Defendants are immune from the claims, causes of action and allegations of Plaintiffs, including but not limited to qualified immunity, pursuant to Federal and State law and decisional authority, including for example

California Government Code § 820.2; F.*E. Trotter, Inc. V. Watkins* (9th Cir. 1989) 869 F.2d 1312,1314; *Harlow v. Fitzgerald* (1982) 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396; *Imbler v. Pachtman* (1976) 424 U.S. 409; *Gensburg v. Mmiller* (1994) 31 Cal.App.4th 512; *Butz v. Economou* (1978) 438 U.S. 478; Demery v. Kupperman (9th Cir. 1984) 735 F.2d 1139; *Becerra v. County of Santa Cruz* (1999) 68 Cal.App.4th 1450, 81 Cal.Rptr.2d 165, *citing Ronald S. v. County of San Diego* (1993) 16 Cal.App.4th 887,898.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.   Defendants are entitled to absolute immunity from the claims, causes of action and allegations of Plaintiff, pursuant to the absolute and qualified, judicial, prosecutorial and testimony privileges of federal law.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.   The conduct of any of County employees are protected by the managerial privilege and that all alleged actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith and for proper, lawful reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   The County of Los Angeles, a public entity, is not liable for the act or injury of an employee when the employee is immune from liability.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.   Plaintiff is precluded from recovering punitive or exemplary damages against the County as a matter of law.

## NINETEENTH AFFIRMATIVE DEFENSE

19.   The damages alleged by Plaintiff were either wholly or partially, either negligently or intentionally, caused by or contributed to by persons, firms, corporations, or entities other than Defendants, and Defendants are therefore entitled to apportionment among all such parties according to their responsibility for such injuries and damages, if any, sustained by the Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     The County of Los Angeles, a public entity, is not liable for an injury caused by misrepresentation by an employee of the public entity, whether negligent or intentional.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Pursuant to California Welfare and Institutions Code, including but not limited to sections 300, 305, 306, 307 and 309, the actions of these answering Defendants were reasonable, proper, authorized and lawful.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for these reasons, justify an award of attorneys' fees and costs against Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     The Complaint is barred in whole or part by the doctrines of collateral estoppel and res judicata.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff's Complaint and each cause of action alleged therein is barred in whole or in part by Plaintiff's failure to exhaust his administrative remedies or exhaust administrative remedies in a timely fashion.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Defendants were not acting under the color of law with regard to Plaintiff or in commission of their acts towards or regarding Plaintiff.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Defendant asserts that if Plaintiff has suffered any emotional distress as alleged in his complaint, such emotional distress was proximately caused by factors other than the actions of Defendants and/or anyone acting on Defendants' behalf.

–19–

ANSWER TO COMPLAINT

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff was not deprived of a right guaranteed under the Constitution and did not experience a Constitutional injury or deprivation of his civil rights.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. The Complaint and each of its causes of action are barred because Defendant's actions and/or omissions were not a substantial factor in causing Plaintiff's harm.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Any such acts or omissions were undertaken for good faith, legitimate independent reasons, business necessity, and/or lawful business reasons.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Defendants allege, without admitting liability or the truth of Plaintiff's allegations, that the scope of any alleged intrusion was reasonably necessary to avert injury to a child.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. There is not pattern of conduct through similar acts or incidents, and single or isolated incidents are insufficient to establish liability.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Defendants' conduct is protected by the litigation privilege.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Plaintiff's alleged injuries were not caused by inadequate training or supervision.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. The damages sustained by Plaintiff, if any, were proximately caused by the acts, omissions, negligence, fraud and/or breach of obligations by persons other than Defendants.

ANSWER TO COMPLAINT

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    Any duties or obligations, contractual or otherwise, which Plaintiff claims is owed by the Defendants have been fully performed, satisfied and/or discharged, or were never owed to Plaintiff.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.    Defendants allege, without admitting liability or the truth of Plaintiff's allegations, that Defendants' conduct is protected by the defense of others privilege.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.    Plaintiff's Complaint and each cause of action alleged therein is barred in whole or in part because existing procedures were sufficient to, and did comply with due process.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.    Plaintiff knowingly and voluntarily assumed the risk of the conduct, events and matter alleged in the subject complaint, and any injuries or damages sustained by Plaintiff was the sole, exclusive and legal result of risks so assumed, thereby barring or reducing Plaintiff's recovery herein.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

39.    Plaintiff's rights relating to the children are limited by Plaintiff's status as a foster parent.

## FOURTIETH AFFIRMATIVE DEFENSE

40.    Defendants allege that the imposition of punitive damages violates Defendants' rights to due process and/or constitutes an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution.

## FOURTY-FIRST AFFIRMATIVE DEFENSE

41.    Plaintiff's claims are barred by the Rooker-Feldman doctrine. Rooker v. Fidelity Trust Co. (1963) 263 U.S. 413.

ANSWER TO COMPLAINT

## <u>FOURTY-SECOND AFFIRMATIVE DEFENSE</u>

42.    Defendants are immune from the claims, causes of action and allegations of Plaintiff, pursuant to Federal and State law and decisional authority, including for example *Meyers v. Contra Costa County Department of Social Services* (9th Cir. 1987) 812 F.2d 1154.

Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory and general terms used in Plaintiff's Complaint.    Accordingly, Defendants reserve the right to assert additional defenses as applicable.

WHEREFORE, Defendants prays that:

1.    Plaintiff's Complaint be dismissed with prejudice in its entirety;

2.    Plaintiff takes nothing by this action;

3.    Defendants be awarded their costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C § 1988; and

4.    Defendants be awarded such other and further relief as the Court may deem proper.

## <u>DEMAND FOR JURY TRIAL</u>

Defendants hereby demand a trial by jury.

DATED:   July 11, 2017                **LAW OFFICES OF DAVID J. WEISS**

*/s/ Michael Forman*

_____

David J. Weiss, Esq.
Michael Forman, Esq.
Attorneys for Defendants,
COUNTY OF LOS ANGELES,
DAISY CRUZ, and CAROL PORRAS

ANSWER TO COMPLAINT