1  David J. Weiss, Esq., SBN 78542
2  Michael H Forman, Esq., SBN 260224
   LAW OFFICES OF DAVID J. WEISS
3  11340 W. Olympic Boulevard, Suite 100
4  Los Angeles, California 90064
   Telephone: (310) 575-9566
5  Facsimile: (310) 575-9576
6  Email:  formanm@djwlaw.com

7
   Attorneys for Defendants,
8  COUNTY OF LOS ANGELES,
9  DAISY CRUZ, and CAROL PORRAS

10         **UNITED STATES DISTRICT COURT**

11         **CENTRAL DISTRICT OF CALIFORNIA**

12

13  KEITH THORNTON, an individual,        CASE NO. 16-08482-TJH (AGR)

14            Plaintiff,

15                                        **REPLY IN SUPPORT OF**
                                          **DEFENDANTS' MOTION FOR**
16            vs.                         **JUDGMENT ON THE PLEADINGS**

17  COUNTY OF LOS ANGELES, by
18  and through the LOS ANGELES
    COUNTY DEPARTMENT OF
19  CHILDREN AND FAMILY                   Date:   June 11, 2018
    SERVICES; DAISY CRUZ, an             Time:  Under Submission
20  Individual; CAROL PORRAS, an         Ctrm:  9B
21  Individual; and DOES 1 through 10,
    inclusive,
22
23            Defendants.
24
25
26
27
28

Defendants County of Los Angeles ("County"), Daisy Cruz, and Carol Porras submit this Reply in support of their Motion for Judgment on the Pleadings ("Motion").  [Docket no. 36].

## I.      The Opposition Concedes That Plaintiff Lacks A Constitutionally Protected Property Or Liberty Interest Regarding Foster Children

Defendants' Motion asserted that all of Plaintiff's claims fail because Plaintiff, as a foster parent or prospective adoptive parent, lacks a constitutionally protected liberty or property interest related to the foster children. [Motion, pp. 7:21-10:10].   Plaintiff's Opposition failed to address this issue and therefore conceds that Plaintiff lacks the constitutional rights needed to sustain his claims under 42 U.S.C. § 1983. *See, e.g.*, *Tatum v. Schwartz,* 2007 WL 419463, at *3 (E.D.Cal. Feb.5, 2007) (holding that the plaintiff "tacitly concede[d]" that her claim should be dismissed by failing to address defendants' argument in her opposition, and granting defendants' motion to dismiss with respect to that claim); *Silva v. U.S. Bancorp,* 2011 WL 709657 6, at *3 (C.D.Cal. Oct. 6, 2011) ("The Court finds that Plaintiff concedes his...claim should be dismissed by failing to address Defendants' arguments in his Opposition."); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries,* 238 F.Supp.2d 174, 178 (D.D.C. 2002 ("When a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").   This concession carries two consequences, each of which should result in the dismissal of the Complaint without leave to amend: 1) none of Plaintiff's section 1983 claims are viable because there is no underlying constitutional violation; and 2) Defendants Cruz and Porras are entitled to qualified immunity Plaintiff did not have a clearly established, constitutionally-protected interest that could have been violated through Defendants' conduct.  Nothing in the Opposition rebuts this.

The salient question raised by Defendants' Motion regarding qualified immunity is whether the state of the law at the time these defendants removed the foster children from Plaintiff's custody gave them fair warning that their conduct violated a constitutionally protected liberty or property interest of Plaintiff. Instead of addressing this question, the Opposition incorrectly represents that the issue of qualified immunity was already decided by the Court. [Opposition, 1:12-27, 9:20-26, 13:24-14:3].    Plaintiff's representation is incorrect because Defendants' motion to dismiss argued that the social worker defendants were entitled to immunity on different grounds.  In their motion to dismiss, Defendants argued they are entitled to qualified immunity for <u>all</u> of the alleged conduct because they were initiating juvenile dependency proceedings. [Docket 22, pp. 21:14-22:10 (motion to dismiss)].  This ground for qualified immunity was not raised in Defendants' instant Motion and therefore the instant Motion does not overlap with Defendants' previously filed motion to dismiss and the Court's ruling thereon.  The Court's citation to *Hardwick v. County of Orange*, 844 F.3d 1112, 1120-1121 (9th Cir.2017) in denying Defendants' motion to dismiss is irrelevant to the Court's analysis of the matters raised in this Motion for the same reason. [Docket 28, pp. 5:2-12].

## II.    Plaintiff's Second Cause Of Action For Violation Of The Right To Substantive Due Process Through Judicial Deception Fails For Lack Of A Liberty Or Property Interest

The Opposition argues, without citing to legal authority <u>regarding foster parents or prospective adoptive parents</u>, that Plaintiff had a substantive due process right to be free from deliberately fabricated evidence in child custody proceedings.  [Opposition, pp. 13:21-15:8].

The decision in *Hardwick* is controlling because it was entered on January 3, 2017, which is after the alleged judicial deception in this case took place. [Complaint, ¶¶ 74-81 (alleged judicial deception occurred between March 2016

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

and June 2016)].   In *Hardwick,* the Ninth Circuit analyzed the state of the law regarding substantive due process claims based on alleged judicial deception in child custody proceedings and concluded:

> A foster parent's interest is derived from the state and may differ according to state law and particular circumstances.  In contrast, the fundamental liberty interests of a legal parent and her child do not depend on, nor are they subject to, such individualized assessment.  It stands to reason that a social worker might not know whether a person with only foster care and dependency guardianship custody of children would have a constitutional right in that statutory legal relationship.

*Hardwick,* 844 F.3d at 1121.  In light of *Hardwick* and in the absence of binding case law to the contrary, the Court cannot conclude that the due process right to be free from deliberately fabricated evidence in the child custody context extended to Plaintiff in his capacity as a foster parent or prospective adoptive parent.  Qualified immunity should apply because taking all facts in the Complaint in the light most favorable to Plaintiff, he did not have a clearly established liberty interest in continued custody of the foster child at the time of Defendants' alleged judicial deception. *See*, *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir.2011) (holding that because neither the Ninth Circuit nor the Supreme Court had addressed whether the defendants' conduct violated the plaintiff's rights, and other circuits had split on similar issues, qualified immunity applied).  Because qualified immunity applies to prevent liability for Defendants Cruz and Porras, amendment would be futile and Plaintiff's claims for violation of his substantive due process rights should be dismissed without leave to amend.

## III.  Plaintiff's Second Cause Of Action Regarding Procedural Due Process Fails For Lack Of A Liberty Or Property Interest

The Opposition did not address Defendants' arguments regarding the second cause of action for violations of procedural due process and therefore conceded the issue. [Opposition, pp. 13:21-15:10].

– 3 –

Its well-established in the Ninth Circuit that California statutes do not create a protected due process right under the U.S. Constitution. [Motion, pp. 12:22-14:3]. In *James v. Rowlands*, 606 F.3d 646, 657 (9th Cir.2010), a biological parent brought a section 1983 action against social workers on the ground that they violated his procedural due process rights by failing to notify him when they took his daughter into temporary custody. The Ninth Circuit held that California statutes, while requiring notice, did not "establish any substantive predicates or mandate any outcomes" and therefore did not create a due process right. "When a state establishes procedures to protect a liberty interest that arises from the Constitution itself - like a parent's liberty interest here - the state does not thereby create a new constitutional right to those procedures themselves, and non-compliance with those procedures does not necessarily violate the Due Process Clause." *Id.*

As set forth in Defendants' Motion, Plaintiff was only entitled to the notice procedures set forth by California state laws and regulations, of which he availed himself by fully participating in the Juvenile Court's custody hearings, with the assistance of counsel. [Complaint, ¶¶ 72, 80, 82]. Because Plaintiff failed to identify a constitutionally protected due process right denied to him of which Defendants should have known, qualified immunity extends to Defendants Cruz and Porras, and Plaintiff's second cause of action should be dismissed without leave to amend.

## IV. Plaintiff's Third Cause Of Action Regarding Equal Protection Fails For Lack Of A Liberty Or Property Interest

Plaintiff's Opposition denies, without citing to legal authority, that Plaintiff's third cause of action does not merely recast his due process claims as equal protection claims. [Opposition, pp. 15:11-16:12]. Plaintiff's recasting is significant because the gravamen of Complaint concerns the alleged improper removal of the foster children from Plaintiff's custody, which Plaintiff alleges

– 4 –

interfered with his substantive due process right regarding familial association. [*See generally*, Complaint].  However, as set forth articulately in the *Ballard* case cited in Defendants' Motion, foster parents do not have a constitutionally protected liberty interest with respect to the continued custody of foster children placed in their care by the local government. [Motion, pp. 14:25-15:18 (*citing*, *Ballard v. Johnson*, 2017 WL 1151166 (E.D. Mich., Mar. 28, 2017)].

In *Smith v. Organization of Foster Families For Equality and Reform*, 431 U.S. 816, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977), the Supreme Court considered, but did not decide, whether foster parents have a protected liberty interest in custody of the children residing with them.  The plaintiffs in *Smith* argued that the state statutory scheme governing foster care was unconstitutional, claiming that a "foster child cannot be removed without a prior hearing satisfying due process." *Id*. at 839.   The Supreme Court noted that unlike the protected relationship between children and their parents, the emotional ties developed between foster parents and foster children "have their origins in an arrangement in which the State has been a partner from the outset," and that the relationship was specifically intended to be temporary. *Id*. at 824, 845.

Plaintiff's equal protection claim focuses on the social workers' alleged motivation for depriving Plaintiff of constitutional rights he did not possess. Plaintiff cannot change the constitutional rights of foster parents (or prospective adoptive parents) by recasting his substantive due process claim as an equal protection violation.  This principle is set forth in *Ballard* and other Ninth Circuit cases cited in Defendants' Motion. [Motion, 14:25-16:2].  Plaintiff cannot amend his equal protection claim to alter the boundaries of constitutional law and therefore his third cause of action should be dismissed without leave to amend.

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

V.   **Claims Like Plaintiff's First Cause Of Action For First Amendment Retaliation Have Not Been Recognized By The Ninth Circuit**

The Opposition did not address the *Capp* case cited in Defendants' Motion. [*See*, Opposition, pp. 11:1-13:19; Motion, pp. 16:19-17:8]. *Capp v. County of San Diego,* 2017 WL 6622205 (S.D. Cal., Dec. 28, 2017) concerned a biological parent's section 1983 claim for First Amendment retaliation against social workers who removed his children based on allegations of abuse/neglect.[1] *Capp* is applicable to this case because it was entered on December 28, 2017, which is after the alleged retaliation in this case took place. [Complaint, ¶¶ 59-60, 63-66 (foster children were removed on January 14, 2016)]. The *Capp* holding confirms that as of December 28, 2017, there was "no clearly established law giving [the social worker] defendants notice their behavior was prohibited." *Id*. at *4. In light of *Capp* and in the absence of binding case law to the contrary, the Court cannot conclude that the alleged conduct of these defendants set forth a viable claim for First Amendment retaliation.

Defendants' Motion argued there is no Ninth Circuit case law that supports a First Amendment retaliation claim by a private citizen against a person acting under color of law based on dissatisfaction with the provision of ordinary government services. Further, the Motion stated that there is no Ninth Circuit case law in which a government official, in providing services outside of the law enforcement, prison, employment, or school context, was held to violate a member of the public's First Amendment rights for conduct similar to that attributed to defendants Cruz and Porras. [Motion, pp. 16:9-17:27].

In response, the Opposition improperly cited to *Rayford v. Omura*, 400 F.Supp.2d 1223 (D. Hawaii 2005) for the proposition that "courts under the Ninth

---

[1]   *See*, *Capp v. County of San Diego*, 2017 WL 3269242, at *1, reversed on reconsideration by*, Capp v. County of San Diego,* 2017 WL 6622205 (S.D. Cal., Dec. 28, 2017) (statement of underlying facts of the case).

Circuit have expressly held that the First Amendment allows for retaliation claims against social workers alleged to have engaged in misconduct as a result of a plaintiff's protected speech." [Opposition, p. 11:18-23].   Despite Plaintiff's assertion that *Rayford* involved social workers, *Rayford* has nothing to do with social work or government services, is distinguishable, and is not binding on this Court.   In *Rayford*, the plaintiff was a vocal advocate for low income families who was using office space of a non-profit corporation organized to benefit low and moderate-income families.   *Rayford*, 400 F.Supp.2d at 1226.   When two social workers complained about the plaintiff's use of the office space, the plaintiff was forbidden from using office space at the non-profit corporation's office, thereby curtailing his advocacy efforts. *Id.* at 1228, 1231.   Therefore, *Rayford* does not concern social work or the provision of government services, does not concern complaints by citizens about the work performed by public employees, and does not establish that a citizen can bring a *Monell* claim based on ordinary government services not being carried out to her satisfaction.

Plaintiff's other citations do not identify binding case law in which a government official, in providing services outside of the law enforcement, prison, employment, or school context, was held to violate a member of the public's First Amendment rights for conduct like that attributed to the defendants in this case. *Ostad* involved an employment matter and *Mendocino* involved an arrest by law enforcement. [*See*, Opposition, p. 11:12-17 (*citing*, *Ostad v. Or. Health Scis. Univ.*, 327 F.3d 876 (9th Cir.2003); *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283 (9th Cir.1999)].

Ultimately, Plaintiff cited no precedent that rendered the contours of his First Amendment right sufficiently clear that these defendants should have known that their alleged conduct violated his First Amendment rights.   Further, there is no binding case law in which a government official, in providing services outside of the law enforcement, prison, employment, or school context, was held to

– 7 –

violate a member of the public's First Amendment rights for conduct similar to that attributed to these defendants.   Given the absence of case law clearly establishing that the alleged conduct of these defendants constituted First Amendment retaliation, Defendants Cruz and Porras are entitled to qualified immunity.   Because amendment would be futile, Plaintiff's first cause of action for First Amendment retaliation should be dismissed without leave to amend.

## VI.   The *Monell* Claim Fails For Lack Of An Underlying Constitutional Violation And Failure Plead An Unconstitutional Policy, Practice, Or Custom

The Opposition did not make a substantive argument regarding the issues raised in Defendants' Motion about the *Monell* claim. [Opposition, p. 18:6-26].

If the Court concludes that qualified immunity applies to defeat Plaintiff's allegation that his constitutional rights were violated by individual defendants Cruz and Porras, Plaintiff cannot state a *Monell* claim and his fifth cause of action against the County should be dismissed without leave to amend. *Long v. City and County of Honolulu*, 511 F.3d 901, 907 (9th Cir.2007) (if no constitutional violation occurred, the municipality cannot be held liable).   Additionally, the *Monell* claim was improperly pled because Plaintiff did not identify an official custom or policy of the County that caused a constitutional violation.   Instead, the Complaint alleges in conclusory fashion that the County had unwritten "policies, customs, and practices" which led to the "natural and foreseeable results which were in violation of the civil rights of Plaintiff…" [Complaint, ¶ 125].   Such allegations are insufficient to satisfy the *Twombly* pleading standard. Additionally, Plaintiff failed to identify a single policy that served as a "moving force" behind any alleged constitutional deprivation.   The Complaint also does contain any factual allegations to suggest that the individual defendants' training was so inadequate as to amount to deliberate indifference.   As a result of these

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS

issues, as more fully described in Defendants' Motion, Plaintiff's fifth cause of action for *Monell* liability against the County should be dismissed.

## VII.   CONCLUSION

Based on the forgoing, Defendants County of Los Angeles, Daisy Cruz and Carol Porras respectfully request an order dismissing them from all causes of action without leave to amend.

DATED:   May 29, 2018             **LAW OFFICES OF DAVID J. WEISS**

                                           */s/ Michael Forman*

                                  _____
                                  David J. Weiss, Esq.
                                  Michael H Forman, Esq.
                                  Attorneys for Defendants,
                                  COUNTY OF LOS ANGELES, DAISY
                                  CRUZ, and CAROL PORRAS

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS