1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# United States District Court
# Central District of California
# Western Division

KEITH THORNTON,

                    Plaintiff,

          v.

COUNTY OF LOS ANGELES, *et al.*,

                    Defendants.

CV 16-08482 TJH (AGRx)

## Order

[43]

The Court has considered Defendants' motion for partial summary judgment and Plaintiff Keith Thornton's motion to extend the discovery cut-off date, together with the moving and opposing papers.

Defendant Daisy Cruz, a social worker at Defendant Los Angeles County Department of Children and Family Services ["DCFS"], removed three minor foster children from Thornton's care.  Thornton, subsequently, filed this 42 U.S.C. § 1983 action against: (1) Cruz; (2) Carol Porras, Cruz's supervisor; (3) DCFS; and (4) The County of Los Angeles ["the County"] [collectively, "DCFS Defendants"].  Thornton alleged: (1) A § 1983 claim for a violation of the Equal Protection Clause against Cruz and Porras; and (2) Municipal liability, pursuant to *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658 (1978), against the County and DCFS.

1        On July 12, 2018, one of Thornton's three attorneys noticed the depositions of

2  Cruz and Porras for July 30, 2018.  The DCFS Defendants objected to the dates.  On

3  August 17, 2018, the Court approved the parties' stipulation to continue, *inter alia*, the

4  discovery cut-off date to April 4, 2019. Thornton failed to notice or re-notice any

5  further depositions.  Neither Cruz nor Porras were deposed.

6        On March 25, 2019, the DCFS Defendants moved for summary judgment.  On

7  April 4, 2019, Thornton filed his opposition to that motion for summary judgment.  On

8  May 30, 2019, Thornton moved to reopen discovery.

9

10  **Motion to Reopen Discovery**

11        Thornton argued that the Court should reopen discovery because he would be

12  prejudiced, especially given the DCFS Defendants' pending motion for summary

13  judgment, if he "has no chance to take [Cruz's and Porras's] oral testimony."

14  However, it appears to the Court that if there is any prejudice here, it was created by

15  Thornton and his counsel.

16        Despite the fact that Thornton's first attempt to notice Cruz's and Porras's

17  depositions was unsuccessful, he failed to re-notice their depositions in the eight months

18  between his first attempt and the extended discovery cut-off date.  Further, Thornton

19  could have, but chose not to, file a motion to compel Cruz's and Porras's depositions.

20  To the extent that Thornton attempted to argue that this situation is based on one of his

21  attorneys' withdrawal from the case, that argument is unavailing.  Thornton was, and

22  is, represented by other attorneys from the same firm.

23        Moreover, the timing of Thornton's pending motion to reopen discovery

24  undercuts his argument that he would be prejudiced with regard to the pending motion

25  for summary judgment.  Thornton filed his motion to reopen discovery almost two

26  months after he filed an opposition brief to the motion for summary judgment – if

27  Thornton was concerned about prejudice, he should have acted sooner.  Indeed,

28  Thornton's own inactions created this situation, and he failed to establish good cause

1    to reopen discovery.

2    To the extent that Thornton's motion can be construed as a request under Fed.

3    R. Civ. P. 56(d), Thornton failed to specify what facts he is seeking or how those facts

4    would be essential to oppose the summary judgment motion. *See Midbrook v. Holland*,

5    874 F.3d 604, 619-620 (9th Cir. 2017).

6    Thornton had ample opportunity to depose Cruz and Porras, and could have

7    timely sought relief, but failed to do so. Accordingly, the motion to reopen discovery

8    must be denied.

9

10   **Motion for Summary Judgment**

11   When considering a motion for partial summary judgment, where the nonmoving

12   party has the burden of proof at trial on a claim or issue, as Thornton does here,

13   summary judgment should be granted when the nonmoving party fails to produce

14   evidence to establish a *prima facie* case. *See Celotex Corp. v. Catrett*, 477 U.S. 317,

15   322, (1986). The moving party, however, has the initial burden to show that the

16   nonmoving party does not have enough evidence to establish a *prima facie* case. *See*

17   *Williams v. Gerber Prods. Co.*, 552 F. 3d 934, 938 (9th Cir. 2008). The DCFS

18   Defendants have met their initial burden. Thus, the burden shifts to Thornton to

19   establish, with admissible evidence, a *prima facie* case. *See Celotex*, 477 U.S. at 322.

20   At this juncture, the Court may not weigh the evidence or make credibility

21   determinations. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

22   Further, Thornton's evidence must be believed and all justifiable inferences must be

23   drawn in his favor. *See Liberty Lobby*, 477 U.S. at 255.

24   Thornton argued that Cruz discriminated against him based on his race, sexual

25   orientation, religious views, or any combination of those three categories, in violation

26   of the Equal Protection Clause, and that Porras ratified Cruz's discriminatory behavior.

27   Thornton may establish his Equal Protection claim by proving either: (1) Cruz

28   intentionally treated him differently than other similarly situated individuals without a

1   rational basis ["Class of One Theory"], *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013,

2   1022 (9th Cir. 2011); or (2) Cruz intentionally discriminated against him based on his

3   membership in a protected class ["Protected Class Theory"].  *See Khurana v. North*

4   *Cent. Dist. Health Dept.*, 605 F. App'x. 677, 678-679 (9th Cir. 2015).

5        Thornton failed to provide any evidence of similarly situated individuals who

6   were treated differently and, therefore, failed to sustain his burden with regard to the

7   Class of One theory of his Equal Protection claim.  *See Teresi Investments III v. City*

8   *of Mountain View*, 609 F. App'x. 928, 931 (9th Cir. 2015).

9        To prove that Cruz intentionally discriminated against him based on his

10  membership in a protected class, Thornton must produce evidence sufficient to permit

11  a reasonable trier of fact to find by a preponderance of the evidence that his

12  membership in a protected class motivated Cruz's decision to remove the foster

13  children.  *See Bingham v. City of Manhattan Beach*, 341 F.3d 939, 949 (9th Cir.

14  2003).   Cruz declared that she removed the foster children from Thornton's care

15  because the children accused Thornton of physically abusing them.  However, Thornton

16  provided Los Angeles Deputy Sheriff Mike Becker's report – which, although

17  improperly authenticated, may be admissible at trial, *see* Fed. R. Civ. P. 56 advisory

18  comm. note – where Becker concluded that the children were not abused and that their

19  bruises were not consistent with their abuse allegations.  Because the Court must

20  believe Thornton's evidence, and draw all reasonable inferences in his favor, an

21  inference must be drawn that the children were not abused and that Cruz's true

22  motivation was discriminatory.  *See Liberty Lobby*, 477 U.S. at 255.  Given that the

23  Court cannot make credibility determinations or weigh the evidence at this stage,

24  Thornton made a minimally sufficient *prima facie* case for his Equal Protection claim

25  under a Protected Class Theory.  *See Bingham*, 341 F.3d at 949.

26        However, Thornton failed to meet his burden with regard to Porras because he

27  failed to set forth any evidence to substantiate his conclusory allegation that Porras

28  ratified Cruz's actions.  *See Celotex*, 477 U.S. at 322.

1        Further, Thornton failed to set forth any evidence or argument that this

2 constitutional violation resulted from any of the County's or DCFS's policies, practices,

3 or customs. *See Christie v. Iopa*, 176 F.3d 1231, 1235-1236 (9th Cir. 1999). A

4 single constitutional deprivation ordinarily is not sufficient to establish a practice or

5 custom. *See Christie*, 176 F.3d at 1235. Consequently, Thornton failed to establish

6 a *prima facie* case for *Monell* liability. *See Celotex*, 477 U.S. at 322.

7

8        Accordingly,

9

10        It is Ordered that the motion for partial summary judgment be, and hereby is,

11 Granted as to Porras, the *Monell* claim against the County and DCFS, and Thornton's

12 Equal Protection claim against Cruz based on a Class of One Theory.

13

14        It is further Ordered that the motion for partial summary judgment be, and

15 hereby is, Denied with as to Thornton's Equal Protection claim against Cruz based on

16 a Protected Class Theory.

17

18 Date: June 21, 2019

19                                     _____

20                                       Terry J. Hatter, Jr.

21                        Senior United States District Judge

22

23

24

25

26

27

28